UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>EUGENE KLEIN | No. 11 CR 401<br><br>Judge John W. Darrah |

**PROTECTIVE ORDER GOVERNING DISCOVERY**

Upon the motion of the government, pursuant to Fed. R. Crim. P. 16(d), it is hereby ORDERED:

1. Certain materials provided by the United States in preparation for, or in connection with this case include the following specific materials: (1) statements, handwritten notes and messages of Frank Calabrese Sr. (bates labeled FBI_001-000050 through FBI_001-000053, FBI_001-000058 through FBI_001-000064, FBI_001-000071 through FBI_001-000075, FBI_001-000108 through FBI_001-000149, FBI_001-000162 through FBI_001-000163, FBI_001-000165 through FBI_001-000174, FBI_001-000187 through FBI_001-000191, FBI_001-000211, FBI_001-000215 through FBI_001-000223); (2) telephone service provider records (FBI_001-000250 through FBI_001-000391, FBI_001-000412 through FBI_001-001011, FBI_001-001051 through 001098); (3) a Sentry audit report (bates labeled SNTRY_001-00001 through SNTRY_001-000524); and (4) the terms of the Special Administrative Measures imposed on Frank Calabrese Sr. (bates labeled SAM_001-000001 through SAM_001-000015) (collectively, "the materials"). These materials are subject to this protective order and may be used by defendant and defendant's counsel (defined as counsel

of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2. Defendant and defendant's counsel shall not disclose the materials or their contents directly or indirectly to any person or entity other than persons employed to assist in the defense and other persons to whom the Court may authorize disclosure (collectively, "authorized persons"). Absent prior permission from the Court, the materials or the information contained in the materials shall not be included in any public filing with the Court, and instead shall be submitted under seal.

3. Defendant, defendant's counsel, and authorized persons shall not copy or reproduce the materials except in order to provide copies of the materials for use in connection with this case by defendant, defendant's counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials.

4. Defendant, defendant's counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

5. Before providing materials to an authorized person, defense counsel must provide the authorized person with a copy of this Order and require the authorized person to sign a statement that will be provided by the government acknowledging that the authorized person has received a copy of and reviewed this Order, and has agreed to be bound by its terms and conditions subject to sanctioning by the Court for any violations of this Order. Defense counsel shall maintain a copy of the signed statement of each authorized

person for a period of twelve months after the conclusion of all stages of this case, and shall provide copies of the signed statement of each authorized person to the government upon request.

6. Upon conclusion of all stages of this case, all of the materials and all copies made thereof shall be destroyed or returned to the United States upon written demand of the United States, unless otherwise ordered by the Court. The Court may require a certification as to the disposition of any such materials.

7. To the extent any material is produced by the United States to defendant or defendant's counsel by mistake, the United States shall have the right to request the return of the material and shall do so in writing. Within five days of the receipt of such a request, defendant and/or defendant's counsel shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

8. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case, except that the materials shall be filed under seal to the extent necessary to protect such information, absent prior permission from this Court.

9. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

JOHN W. DARRAH
*United States District Judge*

Date: 9-22-11